IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AMER AWAD, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **Case No.** |
| vs. | **JURY TRIAL DEMANDED** |
| COAST DENTAL SERVICES, LLC, | |
| *Defendant*. | |
| _____/ | |

# CLASS ACTION COMPLAINT

1. Plaintiff, Amer Awad ("Plaintiff"), brings this action against Defendant, Coast Dental Services, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant owns and operates more than 100 dental clinics in Florida, Georgia, and Texas that sell dental services and products to consumers. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation,

and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Hillsborough County, Florida.

8. Defendant is a Florida LLC whose principal office is located at 5706 Benjamin Center Drive, Suite 103, Tampa, Florida 33634. Defendant directs, markets, and provides its business activities throughout the State of Florida and the United States.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

10. Beginning on or about January 31, 2022, Defendant sent a telemarketing text message to Plaintiff's cellular telephone number ending in 5929 (the "5929 Number") from Defendant's 813-565-9477 number. Defendant's text messages conclude with opt-out instructions such as "To unsubscribe, reply STOP".



11. On January 31, 2022, Plaintiff responded with the word "STOP" in an attempt to opt-out of any further text message communications with Defendant.

12. Immediately after Plaintiff sent his stop request, Defendant, within seconds, responded with an automated opt-out confirmation text confirming that Plaintiff had opted out of future communications.

13. Despite Plaintiff's use of Defendant's prescribed opt-out language, and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out demand sent Plaintiff another telemarketing text message on or about February 11, 2022. This message came from a different number belonging to Defendant: 813-592-6746. A screenshot of the February 11, 2022 text message is below:



14. On or about February 11, 2022, Plaintiff again responded to Defendant with the word "STOP" in a second attempt to opt-out of any further text communications from Defendant.

15. Immediately after Plaintiff sent his second stop request, Defendant, again, within seconds, responded with an automated opt-out confirmation text confirming that Plaintiff had opted out of future communications.

16. Despite Plaintiff's previous use of Defendant's prescribed opt-out language multiple times, and Defendant's subsequent opt-out confirmations,

Defendant continued to send further telemarketing text messages on February 21, 2022, May 19, 2022, and June 22, 2022:



17. Defendant's use of automated, instantaneous opt-out confirmations show that Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

18. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

19. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in goods and services, i.e., selling Plaintiff dental products and services.

20. The text messages were not informational, in that they were not, for instance, reminders of a booked appointment. Rather, they were an attempt to solicit Plaintiff to book an appointment and, thus, provide payment in exchange for Defendant's goods and services.

21. Plaintiff received the subject texts with from in this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

22. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

23. To the extent that Defendant had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked when Plaintiff responded "STOP" on January 31, 2022.

24. These facts suggest that Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

25. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

26. Plaintiff is the subscriber and sole user of the 5929 Number and is financially responsible for phone service to the 5929 Number.

27. The 5929 Number is Plaintiff's personal telephone number and is his residential number.

28. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

29. The text messages originated from telephone numbers 813-565-9477 and 813-592-6746, both numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

30. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

32. Plaintiff brings this case on behalf of a Class defined as follows:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making**

> **a request to Defendant to not receive future text messages.**

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

34. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States after they had already requested to be opted out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Defendant violated 47 C.F.R. § 64.1200(d);
   b) Whether Defendant's conduct was knowing and willful;
   c) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;
   d) Whether Defendant keeps records of text recipients who revoked consent to receive texts.
   e) Whether Defendant has any written policies for maintaining an internal

do not call list.

f) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

g) Whether Defendant is liable for damages, and the amount of such damages; and

h) Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### COMMON ISSUES PREDOMINANTE AND CLASS ADJUDICATION IS SUPERIOR

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful

conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

42. Moreover, the previously articulated common issues predominate over any individual issues. Defendant's practice of sending text messages to consumers notwithstanding their request to stop sending such messages and failure to institute internal procedures compliant with TCPA rules and regulations equally applied to all putative Class Members.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(c)(2)**
**(On Behalf of the Plaintiff and the Internal Do Not Call Class)**

43. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 42 as is fully set forth herein.

44. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers'

privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

45. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

46. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

47. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

48. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

49. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

50. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

51. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

52. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class, including by instituting internal procedures compliant with TCPA rules and regulations;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury on all triable issues.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 28, 2022

**Shamis & Gentile, P.A.**
/s/ Andrew Shamis
Andrew J. Shamis, Esq.

Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
Christopher Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

**NORMAND PLLC**
Jacob Phillips, Esq.
Florida Bar No. 0120130
Jacob.phillips@normandpllc.com
ean@normandpllc.com
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: 407-601-6011

*Counsel for Plaintiff and the Class*